UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

PALM BEACH DIVISION

Case No.:

THE KROGER CO., and
TOPVALCO, INC.,

    Plaintiffs,

v.

1045, LLC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, THE KROGER CO., and TOPVALCO, INC., by and through its undersigned counsel and files this Complaint and Demand for Jury Trial against Defendant, 1045, LLC and states as follows:

### PARTIES, VENUE, AND JURISDICTION

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of seventy- five thousand dollars ($75,000.00) exclusive of interest, cost, and fees, and is between citizens of different States.

2. Plaintiff, the Kroger Co., ("Kroger") is a foreign for-profit corporation, at all times material to this complaint, was duly licensed to transact business within the state of Florida under Document 858259, and is a citizen of the state of Ohio with its principal place of business is located at 1014 Vine Street, Cincinnati, Ohio 45202.

3. Plaintiff, Topvalco, Inc., ("Topvalco") is a foreign for-profit corporation, at all times material to this complaint, was duly licensed to transact business within the state of Florida

under Document F97000006779, and is a citizen of the state of Ohio with its principal place of business is located at 1014 Vine Street, Cincinnati, Ohio 45202.

4. Defendant, 1045, LLC., ("1045") is a foreign limited liability company who, at all times material to this complaint, was duly licensed to transact business within the state of Florida under Document M19000010089. 1045 is a citizen of Missouri and has its principal place of business located at 1045 S. Woods Mill Road, Chesterfield, Missouri 63017.

5. Venue is proper in this District court for the Palm Beach Division because the contract, which forms the subject matter of this Complaint, specifies the rights and responsibilities of the parties with respect to the Delray Commons Property located in Palm Beach County, and all events occurred in Palm Beach County.

6. Further, Defendant 1045 had an absolute and contractual and common law duty to maintain said property under said contract in Florida, and all the facts arise out of events in Delray Beach, Florida.

7. Venue is proper in Palm Beach County because it is where all the causes of action accrued.

## STATEMENT OF FACTS AND PROCEDURE

8. On May 1, 2018, The Kroger Co., and its affiliates, including but not limited to Topvalco, entered into a Master Services Agreement ("MSA"), requiring 1045, <u>to exclusively manage and control the premises of specific shopping centers, including, but not limited to, Delray Commons, located at 5046 W. Atlantic Avenue, Delray Beach, FL 33484</u> (emphasis added). *See* A copy of the Master Services Agreement attached hereto as Exhibit "A."

9. Paragraphs 21 and 22 of the MSA provide:

> **21. Indemnification.** 1045 will indemnify and hold Kroger and/or its applicable Affiliate(s) harmless from all suits, proceedings at law or in equity,

    claims, liabilities, costs, payments, and expenses (including reasonable attorneys' fees) asserted against Kroger and/or its applicable Affiliate(s) or incurred by Kroger and/or its applicable Affiliate(s), arising out of or in connection with (i) 1045's breach of its obligations under this Agreement and (ii) any claim for damages to property or injuries to persons cause by or resulting from willful or negligent acts or omissions of 1045's Representatives.

    **22.** **Insurance.** 1045 will maintain at all times while providing Services to Kroger and/or its applicable Affiliate(s), at 1045's own cost and expense, insurance coverage of the types and in such amounts described in [the MSA] with a company that has an A.M. Best rating of "A-" or better. The insurance must cover any Services performed by 1045. 1045 may comply with the required "per occurrence" limit through a combination of Primary and Excess Liability insurance policies. The insurance must be primary and not excess or contributing with any insurance or self-insurance maintained by Kroger and/or its applicable Affiliate(s). 1045 will deliver to Kroger and/or its applicable Affiliate(s), prior to performing Services, a Certificate of Insurance including Kroger and/or its applicable Affiliate(s), as Additional Insureds. Such Additional Insured status may be given by either an Additional Insured Endorsement or blanket Additional Insured coverage built into the 1045's General Liability policy form. The Certificate of Insurance must identify all-self-insured retentions and/or deductibles to the current ISO general liability policy.

10. In July 2018, The Kroger Co., and its affiliates including but not limited to Topvalco, Inc., entered into a Property Management Agreement ("PMA") with 1045, LLC., <u>to exclusively manage and control the premises of specific shopping centers, including, but not limited to, Delray Commons, located at 5046 W. Atlantic Avenue, Delray Beach, FL 33484</u> (emphasis added). *See* A copy of the Property Management Agreement attached hereto as Exhibit "B."

11. Paragraphs 4, 9, and 20 of the PMA state:

    **4.** **Bonds and Insurance.** During this term of this Agreement, Property Manager, at its sole expense shall obtain the insurance set forth in the Master Services Agreement. Additionally, Property Manager, at its sole expense, shall procure a fidelity bond from a surety and in an amount satisfactory to Kroger as security against fraud or dishonesty of Property Manager, or its agents, employees, or contractors. Property Manager, at Kroger's request, shall furnish to Kroger a certificate of such bond-naming Kroger as a joint payee thereunder. Property Manager, at Kroger's request, shall furnish to Kroger a certificate of

>   the insurance require to be maintained by Property Manager naming Kroger as an additional insured thereunder….
>
>   **9. Indemnity.** *Property Manager shall indemnify* and save harmless Kroger from all losses, damages, claims and expenses, including without limitation, attorneys' fees, arising out of Property Manager or its employees', agents' or contractors' failure to perform or negligent performance of an obligation provided herein, any action by same which exceeds the scope of authority of Property Manager granted herein, or any other actions or omissions by any such party (emphasis added) ….
>
>   **20. Incorporation of Master Services Agreement.** Property Manager and Kroger are parties to that certain Master Services Agreement dated May 1, 2018, as amended from time to time ("Master Services Agreement"), which Master Services Agreement, among other things, set forth the general terms and conditions for the Services (as defined in the Master Services Agreement) to be provided under this Agreement, Which Services are set forth in the corresponding Assignment (as that term is defined in the Master Services Agreement) exhibit to the Master Services Agreement. The terms and conditions of the Master Services Agreement are hereby incorporated by reference in their entirety except to the extent any term or condition of the Master Service Agreement conflicts, or is inconsistent with any if the terms and/or conditions of this Agreement. To the extent the terms and conditions of the Master Service Agreement and the terms and conditions of this Agreement conflict or, are inconsistent, the terms and conditions of this Agreement shall control.

12. As part of the PMA and the MSA, 1045 is also required to provide a policy of liability coverage for Kroger and Topvalco in accordance with the terms thereof, naming Kroger and its affiliates as additional insureds thereunder.

13. On or about July 16, 2019, a Certificate of Liability Insurance was issued that incorporated Cincinnati Insurance Company, as the insurer, Defendant 1045 as the insured, the Kroger Co., and its affiliates and subsidiaries as the Certificate Holder. *See* A copy of the Certificate of Liability Insurance hereto attached as Exhibit "C."

14. What is more, policy no.: EPP 049 52 11, referenced in the Certificate of Liability Insurance only includes 1045 as the insured. Plaintiffs, Kroger and its affiliate, Topvalco were not included as additional insureds under the aforementioned policy as agreed.

15. On or about September 30, 2019, Michael A. Wolff was allegedly injured while walking in the common area on the premises of Delray Commons, in Palm Beach County. Mr. Wolff allegedly fell as a result of a chuckhole in the parking lot. On June 17, 2020, Mr. Wolff filed suit against Topvalco and 1045 for his alleged personal injuries resulting from an incident in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No.: 50-2020-CA-006508-XXXX-MB. *See* A copy of the Complaint along with its exhibits attached hereto as Exhibit "D."

16. 1045 having the only presence on the property with actual physical control of the operation, had a contractual obligation and actual duty to indemnify Kroger and its affiliate Topvalco for the damages and costs of general release from Mr. Wolff for the initial action mentioned above via common law and contractual indemnification pursuant to the Property Management Agreement ("PMA") between 1045 and Kroger and its affiliates including but not limited to Plaintiff Topvalco. *See* A copy of the Property Management Agreement attached hereto as Exhibit "B." More will be discussed to that effect in the later counts herein.

17. Furthermore, 1045's actions and alleged failure to properly maintain the premises and/or provide proper security for business invitees, customers and the general public caused Wolff to sue Topvalco requiring Topvalco and Kroger to defend at great expense. For that reason, 1045's failed to provide the agreed-upon services violating both the MSA and the PSA and failed to indemnify the Plaintiffs herein.

18. At all times material hereto (before and after Mr. Wolff's suit), Kroger and Topvalco always timely demanded 1045 to provide liability coverage and/or a defense to Kroger and Topvalco for Case No.: 50-2020-CA-006508-XXXX-MB. Kroger and Topvalco's

ownership is purely passive to the events affecting Mr. Wolff. Topvalco "vouched" 1045 in every reasonable opportunity to defend or settle Mr. Wolff's claims.

19. Despite Kroger and Topvalco's valid and continuous efforts at tendering both cases, 1045 refused to defend Plaintiffs herein or provide liability coverage. As a result, Kroger and Topvalco were forced to settle the Wolff case for One Hundred and Fifty Thousand Dollars ($150,000.00) in good faith and continues to defend the Bahar case.

20. The original Plaintiff in Case No.: 50-2020-CA-006508-XXXX-MB, is not a party to the instant action, who brought an initial action in state court. *See* A copy of Mr. Wolff's Complaint along with its exhibits is attached hereto as Exhibit "D."

21. The allegations contained in Mr. Wolff's Complaint alleged that 1045 did not maintain the property in a reasonably safe condition, in compliance with all applicable building, health, and safety codes to protect Wolff, other shoppers, and business invitees; which 1045 had a sole and actual duty to do as contractual property manager of the premises of Delray Commons. *Id.* at paragraph 20 of page 5 of Wolff's Complaint.

22. Accordingly, 1045's lack of hands-on failure to maintain the premises, failure to correct the chuckhole condition of which it knew or should have known, and failure to warn of the condition ultimately allegedly caused the alleged injuries that were claimed by Mr. Wolff.

23. This action also arises out of a second incident, on or about December 22, 2019, El Mahdi Bahar was allegedly injured on the premises of Delray Commons, when he was involved in an alleged hit and run with a motor vehicle, a criminal act. Mr. Bahar filed suit against Topvalco and 1045 on February 17, 2022, for his alleged personal injury resulting from negligent security related to an incident alleged in the Fifteenth Judicial Circuit in and for

Palm Beach County, Florida, Case No.: 50-2022-CA-01548-XXXX-MB. *See* A copy of the Complaint along with its exhibits attached herewith as Exhibit "E." Mr. Bahar allegedly suffered serious personal injuries, and seeks damages in excess of $75,000.00, exclusive of costs and interest due to negligent security on the property.

24. The original Plaintiff in Case No.: 50-2022-CA-01548-XXXX-MB, is not a party to the instant Complaint, who brought an initial action in state court.

25. Based on the allegations contained in Mr. Bahar's Complaint, as the property management company at 5024 W. Atlantic Avenue, Delray Beach, Florida 33484, 1045 had exclusive and actual control over and on the premises, thus it is responsible and/or vicariously liable for the acts and omissions as well as the negligent security of its own agents, employees, representatives, and/or servants, including but not limited to any security guards and/or security guard company it hired, and/or any subcontractors, vendors or retained to provide security at the above-referenced premises or any other individuals or entities responsible for managing or operating the premises in Palm Beach County.

26. Mr. Bahar's Complaint states that as a direct and proximate result of 1045's negligence, he was criminally and intentionally attacked by a third party and sustained severe and permanent bodily and mental injuries on or about December 22, 2019.

27. Kroger and Topvalco's indemnity and breach of contract claims against Defendant 1045 also arise out of the same transactions or occurrences that is the subject matter of both Mr. Wolff and Mr. Bahar's Complaints against 1045 and Topvalco.

28. 1045 failed to provide Kroger and Topvalco, in both the Wolff and Bahar cases, with its duty and obligation to indemnify Kroger and Topvalco, through common-law and contractual indemnification principles. Defendant, 1045 further shows bad faith acts

toward these Plaintiffs via a consistent attempt to dispel itself of any responsibility to indemnify and provide insurance protection to Plaintiffs per the agreements held between 1045 LLC., and the two companies, Kroger and its affiliate Topvalco.

29. At all times material hereto 1045 was the sole management and control of the aforementioned premises and is responsible for the alleged defects referenced by Mr. Wolff and Bahar in their Complaints. A copy of the Complaints along with its exhibits is attached herewith as Exhibits "D." and "E."

30. In spite of 1045's agent representation and actual misrepresentation that Kroger Co., and its affiliates and subsidiaries as the Certificate Holder in the Certificate of Liability Insurance, Defendant 1045 failed to provide the promised insurance as required by both the Master Service Agreement and the Property Management Agreement naming Kroger and its affiliates as additional insureds.

31. Kroger and Topvalco deny that they have breached any duties or obligations or that it is responsible to Mr. Bahar for any alleged damages, negligent acts, and/or omissions set forth in his Complaint (which has now temporarily been dismissed without prejudice), which relate to or arise out of, Mr. Bahar's alleged attack by a third party.

32. Kroger and Topvalco have not breached any direct duties or obligations and is not responsible to Mr. Wolff for any alleged damages, negligent acts, and/or omissions set forth in his Complaint, which relate to or arise out of, Mr. Wolff's alleged injuries.

33. Kroger and Topvalco specifically requested 1045 to fulfill its common-law and contractual indemnification obligations to Kroger and its affiliate Topvalco as memorialized in Exhibits "A." and "B."

34. However, in the event that Topvalco and/or Kroger is found liable to Mr. Bahar, it is because of the direct negligent acts and/or omissions of 1045, LLC discussed above.

35. Topvalco and Kroger is wholly without fault for the damages sought by the underlying litigation by Mr. Wolff and Mr. Bahar, yet Plaintiffs have been forced to defend these lawsuits because of the actions and omissions of 1045 and their failure to abide by the terms of the PMA and MSA.

36. In accordance with the PMA and the MSA, 1045 is required to provide liability coverage for Topvalco and Kroger.

37. Further, defendant 1045 is in breach of their agreement by failing to provide liability coverage for Topvalco and Kroger.

38. As noted in Exhibit "D." and Exhibit "E.", Mr. Wolff and Mr. Bahar were allegedly injured on the property managed by 1045. Notwithstanding the terms of the PMA and MSA, 1045 refused to provide liability coverage and/or a defense to Kroger and Topvalco. Additionally, all conditions precedent to put the Cincinnati Insurance Company on notice have been met and the Cincinnati Insurance Company denied coverage and refuse to defend.

39. At all times material hereto Defendant 1045 was hired to manage and maintain the subject property and provide adequate security. Defendant 1045 was directly and actually responsible for the actions previously alleged in Mr. Wolff and Mr. Bahar's allegations referenced in their respective Complaints.

40. Nothing in this Complaint should be construed as an admission of any liability or allegations in the Complaints herein exhibits "D." and "E." on the part of Topvalco or Kroger.

Case 9:22-cv-81349-XXXX Document 1 Entered on FLSD Docket 09/01/2022 Page 10 of 20

Page 10

## COUNT I
## BREACH OF CONTRACTUAL INDEMNITY
## AGAINST 1045, LLC

### A. MR. WOLFF CASE NO. 50-2020-CA-006508XXXXMB

41. Topvalco and Kroger adopt and re-allege the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

42. Under the terms of the MSA and PMA, Defendant 1045 warranted and represented that during the term of these agreements, 1045 would indemnify Kroger and its affiliate Topvalco from all losses, damages, claims, and expenses, including without limitation, attorneys' fees, arising out of Property Manager or its employees', agents' or contractors' failure to perform or negligent performance of an obligation provided herein.

43. In accordance with the agreements noted in exhibits "A." and "B.", 1045 contractually agreed to indemnify and hold harmless Kroger and/or its applicable affiliates (Topvalco) from and against all suits, proceedings at law or in equity, claims, liabilities, costs, payments and expenses (including reasonable attorney fees) asserted against Kroger and/or its applicable affiliates (Topvalco) or incurred by Kroger and/or its applicable affiliates (Topvalco) arising out of or in connections with: (i) 1045's breach of its obligation under this agreement and (ii) any claim for damages to property or injuries to a person caused by or resulting from the willful or negligent acts or omission of 1045's Representatives. *See* A copy of the Master Services Agreement ¶ 21, attached hereto as Exhibit "A." and the Property Management Agreement attached hereto as Exhibit "B."

44. Despite Topvalco and Kroger's multiple demands and tenders, 1045's refuse to protect, defend, indemnify and hold harmless Kroger and/or Topvalco for any and all liability

resulting from the September 30, 2019 incident that is the subject of Mr. Wolff's claim is a direct violation of the indemnification clause found in the PMA and the MSA.

45. Further, Defendant 1045 contractually breached the PMA and the MSA by its failure to perform its contracted obligations on the subject property and failed to provide the promised insurance protection to Plaintiffs.

46. Therefore, 1045 inappropriately refused and continues to not defend or indemnify Topvalco and/or Kroger for any judgment or settlement obtained against Topvalco for any of the costs relating to defending the aforementioned matters.

### B. MR. BAHAR CASE NO. 50-2022-CA-01548XXX-MB

47. Topvalco and Kroger adopt and re-allege the allegations set forth in paragraphs 1 through 47 above as if fully set forth herein.

48. In spite of and Kroger and Topvalco's proper demands upon 1045 for indemnification and defense of Mr. Bahar's claims. Defendant 1045 failed to protect, defend, indemnify and hold harmless Topvalco for any and all liability resulting from the December 22, 2019 incident that is the subject of Mr. Bahar's claims.

### C. DAMAGES FOR MR. WOLFF AND MR. BAHAR RESPECIVE CLAIMS

49. Topvalco and Kroger adopt and re-allege the allegations set forth in paragraphs 1 through 49 above as if fully set forth herein.

50. Any and all damages sustained by Plaintiffs Topvalco and Kroger related to defending the September 30, 2019, and December 22, 2019, alleged incidents were allegedly caused by 1045's failure to maintain the property in a safe condition including security protection as per the terms of the MSA and PMA.

51. Accordingly, and pursuant to the indemnification clause included in the Property Management Agreement between the parties, Topvalco and/or Kroger are entitled to full indemnification from 1045 for any and all consequential and/or special damages, or settlement paid for which Topvalco is found liable to Mr. Wolff and/or Mr. Bahar, or all losses, damages, claims, and expenses, arising out of 1045's negligence in failing to adequately maintain the property.

52. In addition, 1045 has/had a duty to defend Topvalco and Kroger in the underlying injury actions for the reasons stated heretofore, and owes Topvalco and Kroger its attorney fees and costs and settlement monies incurred in the following: defending and settling the actions indicated by Exhibit "D." and defending the lawsuit indicated by Exhibit "E."

53. Topvalco and Kroger are also entitled to the recovery of their attorneys' fees and costs associated with this action pursuant to the PMA breaches.

54. 1045 wrongfully rejected and denied indemnity for the above-referenced incidents involving Mr. Wolff and Mr. Bahar for any judgment or settlement obtained against the Plaintiff Topvalco, or paid by Plaintiff Kroger and/or the costs of defense as a result of the lawsuit set forth in Exhibit "D." and Exhibit "E."

55. Plaintiffs, Kroger and Topvalco, have suffered significant damages, deprived of protection and coverage, and forced to continue to incur attorney fees, costs, and additional expenses in its defense and settlement resulting from the September 30, 2019 and December 22, 2019, alleged incidents that are the subject of Mr. Wolff and Mr. Bahar's claims.

**WHEREFORE,** Plaintiffs KROGER and TOPVALCO INC., respectfully demand as follows:

A. That this Court renders judgment against Defendant 1045 LLC for breach of contractual indemnity;

B. That this court finds that TOPVALCO and KROGER are entitled to a full defense and indemnity under the Property Management Agreement and related agreements;

C. That this Court order that TOPVALCO and KROGER are entitled to full indemnity for any judgment or settlement against it and for all available damages including but not limited to compensatory damages, consequential damages, interest, fees under § 57.105, Fla. Stat. Ann., attorneys' fees, and costs and that they shall have and recover the same;

D. Any other damages or relief afforded by law or that this Court deems fair and appropriate in favor of the Plaintiffs in the interests of justice, including but not limited to any damages that would be in excess of 1045's applicable policies and agreements as well as attorneys' fees as prevailing party.

E. An Order requiring 1045 to immediately defend the State court actions referred to herein and to pay for the defense of such actions; and

F. Trial by a jury on all issues so triable as a matter of right.

### COUNT II
### COMMON LAW INDEMNITY AGAINST 1045, LLC

#### A. MR. WOLFF CASE NO. 50-2020-CA-006508XXXXMB

56. Topvalco and Kroger adopt and re-allege the allegations set forth in paragraphs 1 through 56 above as if fully set forth herein.

57. Plaintiffs, Topvalco and Kroger, and Defendant, 1045 had a special relationship as Kroger and its affiliate Topvalco exclusively hired 1045 to operate, manage and maintain the subject premises.

58. 1045's alleged negligence in failing to provide adequate management and maintenance services on the subject premises allegedly causing damages to Mr. Wolff, damages which he sought to recover from Topvalco.

59. Therefore, Topvalco and Kroger are entitled to common law indemnity from 1045 and interest, costs, attorneys' fees, fees under § 57.105, Fla. Stat. Ann. as prevailing parties.

### B. MR. BAHAR CASE NO. 50-2022-CA-01548XXX-MB

60. Topvalco and Kroger adopt and re-allege the allegations set forth in paragraphs 1 through 60 above as if fully set forth herein.

61. Based on the foregoing facts, and the language expressed on the PMA and MSA, Topvalco an Kroger contend that 1045 had a common-law imposed duty under the contract to defend Topvalco against Mr. Bahar's claims. Topvalco an Kroger also claim full damages, interest, costs, attorneys' fees, fees under § 57.105, Fla. Stat. Ann. as prevailing parties.

### C. DAMAGES FOR EACH DAMAGES FOR MR. WOLFF AND MR. BAHAR RESPECIVE CLAIMS

62. Topvalco and Kroger adopt and re-allege the allegations set forth in paragraphs 1 through 62 above as if fully set forth herein.

63. Defendant refused to provide a defense or insurance protection to Topvalco for Case No.: 50-2020-CA-006508XXXXMB and Case No.: 50-2022-CA-01548XXX-MB despite Kroger and Topvalco's valid tenders and repeated requests.

64. Topvalco and Kroger are wholly without fault for any damages that Mr. Wolff and Mr. Bahar seek to recover in their respective Complaints.

65. Topvalco's liability to Mr. Wolff and Mr. Bahar which it denies, if any, exists only because Topvalco is vicariously, constructively, derivatively, or technically liable as a direct result of the acts and/or omissions of 1045.

66. As a result of the foregoing and wrongful acts of 1045, Topvalco and Kroger suffered general damages, costs, attorneys' fees, interest and settlement payments and are forced to continue to endure out-of-pocket costs of intermittent but necessary defense costs associated with the above-mentioned lawsuits.

**WHEREFORE**, Plaintiffs, KROGER and TOPVALCO, demand full and complete indemnity and judgment against Defendant, 1045, for any and all sums that is or may be obligated to pay in the defense of the above-mentioned lawsuits plus attorneys' fees, costs and other such relief that this Court deems fair and proper and Plaintiffs demand a trial by jury on all issues so triable.

<u>**COUNT III**</u>
<u>**BREACH OF CONTRACT FOR FAILURE TO PROVIDE INSURANCE FOR KROGER AND TOPVALCO**</u>

<u>**A. MR. WOLFF CASE NO. 50-2020-CA-006508XXXXMB**</u>

67. Topvalco and Kroger adopt and re-allege the allegations set forth in paragraphs 1 through 67 above as if fully set forth herein.

68. Pursuant to the PMA, *1045 agreed to provide liability protection for itself and Kroger and Topvalco* in accordance with the Master Service Agreement, 1045 was required to maintain at all times while providing Services to Kroger and/or its applicable affiliate(s) including Plaintiff Topvalco, at 1045's own cost and expense, insurance policy with a company that has an A.M. Best rating of "A-" or better (emphasis added). A copy is attached hereto as Exhibit "B."

69. However, in spite of the Certificate of Liability Insurance no policy protection was provided by 1045 and it failed to add Kroger and its affiliate, Topvalco as additional insureds in breach of both the PMA and MSA.

70. Regarding the insurance promised and the lack thereof, counsel for 1045 upon request provided the following insurance policies for Delray Commons: a.) policy no.: EPP 049 52 11, valid from July 1, 2018, to July 1, 2021, and b.) policy no.: ENP 050 80 18, valid as of September 17, 2018, to July 1, 2021. However, the aforementioned policies only name 1045 as the insured and fail to include Kroger and its affiliate Topvalco as additional insureds as mandated by both the PMA and MSA." There is simply a denial of coverage by Cincinnati Insurance Company.

71. Further, Kroger and Topvalco contend that 1045 breached its duty to them by its failure to provide coverage and the insurance policy and/or defense under any insurance policy at all.

72. Additionally, 1045 in direct violation of the PMA failed to deliver to Kroger and/or its applicable affiliate(s), prior to performing Services, a policy as promised in spite of a representation in a Certificate of Insurance, which said it was including Kroger and/or its applicable affiliate(s), as Additional Insureds. Instead, the Certificate of Insurance provided here as Exhibit "C." references 1045 as the sole insured and only mentions Kroger and its applicable affiliate(s), as the "Certificate Holder" which is a misrepresentation and/or a material breach of the MSA and the PSA.

73. At all times material hereto Defendant, 1045 failed to provide to Kroger and Topvalco an insurance policy that named Kroger and its affiliates as additional insureds.

### B. MR. BAHAR CASE NO. 50-2022-CA-01548XXX-MB

74. Kroger and Topvalco adopt and re-allege the allegations set forth in paragraphs 1 through 74 above as if fully set forth herein.

### C. DAMAGES FOR MR. WOLFF AND MR. BAHAR RESPECIVE CLAIMS

Case 9:22-cv-81349-XXXX   Document 1   Entered on FLSD Docket 09/01/2022   Page 17 of 20

Page 17

75. Kroger and Topvalco adopt and re-allege the allegations set forth in paragraphs 1 through 75 above as if fully set forth herein.

76. 1045 failed to protect, defend, indemnify, and hold harmless Kroger and Topvalco for any and all liability, defense, costs, and settlement payments resulting from the September 30, 2019, and December 22, 2019 incidents that are the subject of Mr. Wolff and Mr. Bahar's claims.

77. 1045 violated its duty to provide insurance and defend Kroger and Topvalco. In addition, 1045 failed to ensure that there was adequate insurance to cover claims that occurred on the property and to cover such claims stated in Mr. Wolff and Mr. Bahar's respective Complaints.

78. Kroger and Topvalco have been damaged as described herein, deprived of protection and coverage, been forced to pay attorney fees, costs and settlement monies associated with defending Mr. Bahar's action; settling the Mr. Wolff action, and bringing this action along with costs, demand recovery of said losses.

**WHEREFORE**, Plaintiffs, KROGER and TOPVALCO, demand relief as follows:

A. That this Court finds that damages or relief afforded by law or that this Court deems fair and just, including but not limited to any excess judgment and costs, attorneys' fees, interest, fees under § 57.105, Fla. Stat. Ann. as prevailing parties and declare a breach of contract; and

B. Trial by a jury on all issues so triable as a matter of law.

## COUNT IV
## BAD FAITH AGAINST 1045, LLC

### A. MR. WOLFF CASE NO. 50-2020-CA-006508XXXXMB

79. Kroger and Topvalco adopt and re-allege the allegations set forth in paragraphs 1 through 79 above as if fully set forth herein.

80. Plaintiffs, Kroger and its affiliate Topvalco, reasonably relied on the representations made by 1045 at the time in which the parties entered into the PMA and MSA.

81. 1045's conduct violates the indemnification and insurance provisions and the obligations set forth in the PMA and the MSA, as well as the common law duty of good faith and fair dealing.

82. The PMA and the MSA created an implied warranty of good faith and fair dealing, and a common-law imposed duty under the contract to defend Topvalco against Mr. Wolff's claims.

83. There is a special relationship between Kroger and Topvalco and 1045 that creates an independent duty for 1045.

84. At all times material hereto, Kroger and Topvalco always demanded 1045 to provide liability coverage and/or a defense to Topvalco.

### B. MR. BAHAR CASE NO. 50-2022-CA-01548XXX-MB

85. Kroger and Topvalco adopt and re-allege the allegations set forth in paragraphs 1 through 85 above as if fully set forth herein.

86. At all times herein, 1045 acted knowingly and with full awareness of the damage and harm caused by its actions and omissions. The acts and omissions displayed by 1045 constitute an unconscionable course of conduct resulting in damage and detriment to Kroger and Topvalco.

87. Therefore, there is an implied warranty of good faith and fair dealing as a material term in the PMA and the MSA.

## C. DAMAGES FOR EACH

88. Kroger and Topvalco adopt and re-allege the allegations set forth in paragraphs 1 through 88 above as if fully set forth herein.

89. 1045's frivolous and unfounded refusal to comply with Kroger and Topvalco's demands for tender constitutes bad faith conduct. As such, 1045's actions and omissions constitute a breach of the warranty of good faith and fair dealing.

90. Moreover, 1045 had a duty to use reasonable care in its dealings with Kroger and Topvalco to ensure that there was adequate insurance to cover claims that might occur on the property and to cover such claims as are being made by Mr. Wolff and Mr. Bahar as set forth in Exhibit "D." and Exhibit "E." 1045 produced a certificate of insurance to falsely represent that there would be insurance protection for Kroger and Topvalco.

91. Accordingly, Plaintiffs are entitled to all actual and economic damages arising out of 1045's failure to provide a policy of insurance pursuant to the terms of the PMA and the MSA. Kroger and Topvalco are wholly without fault for any damages that Mr. Wolff and Mr. Bahar alleged to recover in their respective Complaints.

92. As a direct and proximate result of 1045's material breaches of the PMA and MSA, Kroger and Topvalco have suffered general compensatory damages. Kroger and Topvalco also have suffered special damages, including, but not limited to, the expenses of procuring and paying for attorney fees and costs, interest, fees under § 57.105, Fla. Stat. Ann. as prevailing parties.

**WHEREFORE**, Plaintiffs, KROGER and TOPVALCO, demand general compensatory damages and special damages for breach of contract from Defendant, 1045, together with

interest, attorney's fees, and costs, and other such relief as this Court deems just, equitable and proper and demand trial by jury on all issues so triable.

## JURY DEMAND

Plaintiffs, Kroger and Topvalco demand a trial by jury on all issues so triable.

Dated this 1st day of September, 2022.

BY:/s/ *Edward R. Nicklaus*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com
**SANJE V. LARA, ESQ.**
Florida Bar. No.: 1031630
sanjel@nicklauslaw.com

NICKLAUS & ASSOCIATES, PA
**NICKLAUS & ASSOCIATES, P.A.**
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
*Attorneys for Plaintiffs, The Kroger Co., and Topvalco, Inc.*